IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAMELL S. HURDLE** | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 21-CV-4887** |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA,** *et al.*, | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                                 NOVEMBER 22, 2021

Plaintiff Ramell S. Hurdle, a prisoner held at Lehigh County Prison ("LCP"), filed this civil action pursuant to 42 U.S.C. § 1983.  Hurdle names as Defendants the Commonwealth of Pennsylvania, Judge Maria L. Dantos of the Lehigh County Court of Common Pleas, Lehigh County Prison ("LCP"), LCP Warden Kyle Russell, LCP Director Janine Donate, the City of Allentown, and David H. Knight.  Russell and Donate are named in their individual and official capacities.  Hurdle seeks to proceed *in forma pauperis* and has submitted a copy of his institutional account statement.  For the following reasons, the Court will grant Hurdle leave to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.      **FACTUAL ALLEGATIONS**

Hurdle asserts that COVID-19 restrictions at LCP, combined with an order entered by Judge Dantos that restricted his electronic and physical communications, denied him equal protection of the laws, access to legal materials, and denied him the right to participate in his

criminal defense. (ECF No. 1 at 5.)[1] Hurdle alleges that his attorney of record in his criminal case, Defendant Knight, failed to challenge Judge Dantos's order or seek her recusal even though she exhibited bias, prejudice, and judicial misconduct. (*Id.* at 6.) He alleges that Dantos and Knight have violated his Sixth Amendment right to counsel, his due process rights, his Eighth Amendment rights, and that Knight committed legal malpractice. (*Id.*) While Hurdle concedes that judges are absolutely immune from civil rights claims, he asserts that "the Commonwealth of Pennsylvania holds liability for its Judges deliberate-indifference and [is] liable for all harm done to me during that confinement. (*Id.*)

Hurdle also claims the restrictions placed upon him caused psychological deprivations and "torture by the court." (*Id.* at 5.) He alleges he suffers from multiple psychological disorders requiring treatment with psychotropic medications. (*Id.*) He alleges Judge Dantos was aware of the harmful effects of his restrictive confinement and disregarded that harm. (*Id.*) Hurdle asserts he has been held in his cell for 23 to 24 hours a day for over a year, which he contends constitutes deliberate indifference to his mental health. (*Id.* at 6.) He asserts that Defendants Donate, Russell, and the City of Allentown are responsible for the policies at LCP and failed to adequately protect inmates from COVID-19 exposure. (*Id.*) Hurdle contracted the virus and "suffer[ed] for months from respiratory pain, extreme phatigue [sic] lost of taste of smell, sever[e] body aches, headaches and cold symptoms." (*Id.*) Hurdle seeks money damages of $200 million.

A review of public records indicates that Hurdle has been charged in one case in Lehigh County with human trafficking offenses, *see Commonwealth v. Hurdle*, CP-39-CR-0002509-2019 (C.P. Lehigh)*,* and in a second case with strangulation and harassment offenses. *Commonwealth*

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

*v. Hurdle*, CP-39-CR-0002577-2020 (C.P. Lehigh).  Judge Dantos was one of the judges that presided over his criminal proceedings and Defendant Knight was a privately retained attorney who appeared on behalf of Hurdle in the human trafficking case.  Hurdle entered a guilty plea in the human trafficking case, CP-39-CR-0002509-2019, on July 16, 2021.  The other case remains pending.

## II.     STANDARD OF REVIEW

The Court grants Hurdle leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Hurdle is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

---

[2] However, as Hurdle is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims against Judge Dantos

As Hurdle concedes, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). As there is no allegation that Judge Dantos was acting in complete absence of jurisdiction, the claims against her are dismissed with prejudice.

### B. Claims against the Commonwealth

Recognizing that Judge Dantos is absolute immune, Hurdle seeks to hold the Commonwealth responsible for her actions because it "holds liability for its Judges deliberate-indifference." (ECF No. 1 at 6.) This claim is also not plausible since the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, it and its departments, as well as their officials sued in their official capacities, are immune from suits filed in federal court.

### C. Claims against LCP

The § 1983 claim against LCP is dismissed with prejudice because a jail is not a "person" under Section 1983. *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976).

### D. Claims against David H. Knight

Hurdle asserts both civil rights claims and legal malpractice claims against Attorney Knight, one of the lawyers who represented him in his state court criminal proceedings. The civil rights claim is not plausible because privately retained defense attorneys and public defenders do not "act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted). "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*,

5

184 F.3d 268, 277 (3d Cir. 1999). The legal malpractice claim can also not proceed. Under Pennsylvania law, a defendant convicted of an offense cannot sue his attorney for negligence unless he is first granted post-trial relief on the ground that counsel was ineffective. *Bailey v. Tucker*, 621 A.2d 108, 115 (Pa. 1993). The record from the underlying state criminal case giving rise to this claim reflects that Hurdle has not been granted such relief.[3] Accordingly, all claims against Knight are dismissed. While the § 1983 claim is dismissed with prejudice, the legal malpractice claim is dismissed without prejudice so that Hurdle may reassert it in a new civil action should his conviction ever be overturned.

### E. Claims against the City of Allentown

Hurdle has named the City of Allentown as a defendant alleging it is responsible for a COVID-19 safety policy at LCP. Because LCP is operated by Lehigh County and not by the City of Allentown, *see* https://www.lehighcounty.org/Departments/Corrections (last viewed 11/18/2021),[4] the claim against the City is dismissed.

### F. Claims against Russell and Donate

Hurdle alleges that Warden Russell and Director Donate are responsible for policies at LCP and failed to adequately protect inmates from COVID-19 exposure, resulting in Hurdle contracting the virus. The Court understands Hurdle to be asserting a deliberate indifference claim against

---

[3] Alternatively, under Pennsylvania law, a defendant convicted of a crime may sue his attorney for breach of contract to recover fees, without first winning post-trial relief. *Bailey*, 621 A.2d at 115. However, Hurdle has not asserted a breach of contract claim against Knight. If he wishes to pursue such a claim, Hurdle must assert that state law claim in an appropriate state court since it appears that diversity of citizenship between Hurdle and Knight is lacking. *See* 28 U.S.C. § 1332(a) (granting a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.").

[4] The Court may take judicial notice of the information published on a government website. *See Vanderklok v. United States*, 868 F.3d 189, 205 (3d Cir. 2017) ("To the extent that we rely on information beyond what the government included in its amicus brief, that information is publicly available on government websites and therefore we take judicial notice of it.").

them based on their roles as supervisors at LCP. A supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)).

In its decision in *Hope v. Warden York County Prison*, 972 F.3d 310, 325-31 (3d Cir. 2020), the United States Court of Appeals for the Third Circuit affirmed that "[t]o establish deliberate indifference [in the COVID-19 context, the prisoner plaintiffs] must show the Government knew of and disregarded an excessive risk to their health and safety." *Id.* at 329 (citing *Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000)). The Court of Appeals further held that "[t]he context of the Government's conduct is essential to determine whether it shows the requisite deliberate indifference," and that, in evaluating this context, a reviewing court must defer to the expertise of both medical officials and jail administrators, and not assume a constitutional defect where concrete action has been taken in response to the COVID-19 pandemic as constitutional rules "are not subject to mechanical application in unfamiliar territory." *Id.* at 329-30 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 850 (1998)). Thus, where the facility has taken concrete steps towards mitigating the medical effects of COVID-19 on a detention facility, a prisoner will fall "well short" of establishing that the facility and its staff were deliberately indifferent toward his medical needs in light of the virus even though they cannot entirely "eliminate all risk" of contracting COVID, notwithstanding even serious preexisting medical conditions the prisoner may have. *Id.* at 330-31.

Hurdle alleges that he contracted COVID-19 while incarcerated but does not allege any facts from which it could be inferred that the conditions in which he was confined were constitutionally deficient. Rather, he alleges in conclusory terms only that Russell and Donate are responsible for policy, and that LCP "did not do enough to protect me." (ECF No. 1 at 6.) He does not allege what specific policy Russell and Donate promulgated that constituted deliberate indifference and his diagnosis alone is an insufficient basis upon which to establish a constitutional violation. *See Hope*, 972 F.3d at 330 (explaining that the Constitution does not require the government to entirely eliminate the risk of contracting COVID-19 in a prison setting, stating "[plaintiffs] argue that the Government must eliminate *entirely* their risk of contracting COVID-19. That task is not the constitutional standard, however."); *Adames v. Pistro*, Civ. A. No. 21-2855, 2021 WL 2903064, at *2 (E.D. Pa. July 9, 2021) (dismissing on screening a *Bivens* claim asserting deliberate indifference based solely on exposure to COVID-19 in prison). Accordingly, his deliberate indifference claims against Donate and Russell are not plausible. Because the Court cannot say that Hurdle can never assert a plausible claim, the dismissal of this part of his Complaint will be without prejudice and Hurdle will be permitted the opportunity to file an amended complaint if he can cure the defect the Court has identified.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Hurdle's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to all Defendants. All claims, other than his claims against Defendants Russell and Donate and the legal malpractice claim against Defendant Knight, are dismissed with prejudice. Hurdle may file an amended complaint if he is capable of curing the defects the Court has identified in his claims against Russell and Donate. An appropriate Order follows.

*NITZA I. QUIÑONES ALEJANDRO, U.S.D.C.J.*